200 So. 801

**PIERCE et al. v. LEFORT et al.**

No. 35989.

Feb. 3, 1941.

Rehearing Denied March 3, 1941.

E. B. Charbonnet, Jr., of New Orleans, for appellants.

Henican, Carriere & Cleveland and C. Ellis Henican, all of New Orleans, for appellees.

ROGERS, Justice.

This is a suit brought under Act 38 of 1908 to try title to a certain tract of land situated at Golden Meadow, in the Parish of Lafourche. After a trial on the merits, the court below rendered judgment in favor of plaintiffs, recognizing them as the owners of the property in dispute, and defendants have appealed from the judgment.

The salient facts as disclosed by the record, are as follows:

On July 8, 1907, Willie Pierce, one of the plaintiffs, acquired by purchase from Ines Pierce "the lower one-half (½) of a certain tract of land situated in the Parish of Lafourche, State of Louisiana, on the west bank of Bayou Lafourche at about sixty miles or less below the Town of Thibodaux, measuring Three and One half (3½) acres more or less front on said Bayou Lafourche, State of Louisiana, by Seven (7) acres in depth, bounded above by other land of the vendor herein, the said Ines Pierce, and below by land now belonging to Joseph Bruce."

On July 10, 1911, Willie Pierce acquired by purchase from Ines Pierce the following described property: "A certain tract of land situated in the Parish of Lafourche, State of Louisiana, on the right descending bank of Bayou Lafourche, at about sixty (60) miles below the town of Thibodaux, and measuring one and three quarter (1¾) acres front, more or less, along said Bayou Lafourche, by seven (7) acres in depth, bounded above by lands now or formerly belonging to Igniasse Pierce (recently bought from Ines Pierce) and below by lands now or formerly belonging to Willie Pierce."

As the result of his two purchases from Ines Pierce, Willie Pierce became the owner of a tract of land having an aggregate frontage of five and one-half acres, more or less, on Bayou Lafourche, by the depth thereto belonging. On January 27, 1916, Willie Pierce made four sales of portions of this tract of land, viz., to Andre Martin, Daize Cheramie, Ernest Pitre, and Ozema Cheramie. The property conveyed to Andre Martin was specifically described as follows:

"A certain tract of land situated in the Parish of Lafourche, on the right descending bank of Bayou Lafourche, at about fifty-five miles below the Town of Thibodaux, measuring One and one half (1½) arpents front, fronting on said bayou, by a depth of seven arpents, more or less, bounded above by lands owned by E. F. Falgout, and bounded below by lands owned by the present vendor, together with all the improvements thereon."

The act of sale further recites that the property conveyed was a portion of a larg-er tract of land containing five and one-half arpents front on the bayou by the depth thereto belonging, bounded above by lands of E. F. Falgout, and below by Mrs. Oscar Authement and Mr. Oscar Authement.

On May 10, 1937 Felicien Duet, Jr., acquired by purchase from Willie Pierce an undivided one-fourth of all his rights, titles and interest in the property acquired by Willie Pierce from Ines Pierce, less the portions of the property sold to Andre Martin, Daize Cheramie, Ernest Pitre and Ozema Cheramie.

The plaintiffs are Willie Pierce and Felicien Duet, Jr. The defendants are the widow and heirs of Andre Martin, who were sent into possession of his estate by a judgment of the Seventeenth Judicial District Court, Parish of Lafourche, rendered and signed on December 28, 1938.

The property in dispute comprises a tract of land situated in the rear of the property sold by Willie Pierce to Andre Pierce, specifying a depth of seven acres from Bayou Lafourche, which tract of land has a frontage of one and one-half acres with a depth extending as far back as the west range line in the rear of the property, in Section 12, Township 19 South, Range 22 East.

The plaintiffs contend that the description of the property contained in the deed from Willie Pierce to Andre Martin is clear and unambiguous, and that the extent of the property therein transferred can and should be ascertained without reference to extrinsic evidence. On the other hand, the defendants contend that the description is

ambiguous and uncertain as to the depth of the property conveyed, and that therefore extrinsic evidence is admissible to show the intention of the parties.

It is not disputed that at the date of the sale by Ines Pierce to Willie Pierce the title of Ines Pierce to the property in Section 12, Township 19, Range 22, extended from the front line on Bayou Lafourche to the range line in the rear of, and constituting, the western limit of Section 12.

In the deed from Ines Pierce to Willie Pierce, the tract of land conveyed is first described as having a frontage of one and three-quarter acres by seven acres in depth, and then appears the further recital that the "sale includes all the rights and privileges that the vendor has or may have to any land in the rear of land hereinabove sold and described, as far back to the west range line in the rear of said property." The effect of the language used by the parties in describing the property was not only to place Willie Pierce in the place and stead of Ines Pierce with respect to the ownership of that portion of the property fronting Bayou Lafourche and having a depth of seven acres from the Bayou, but also with respect to the ownership of the tract of land lying in the rear as far back as the west range line.

In the deed from Willie Pierce to Andre Martin, defendants' ancestor in title, the property conveyed is described as having a specific frontage (1½ arpents) and a specific depth (7 acres), with the added term, "more or less."

Defendants' contention, simply stated, is that the use of the term, more or less, in the deed by Willie Pierce to Andre Martin evidenced the intention of the parties to dispose of the property to its full depth and that such intention was further manifested by the recital in the deed that the tract of land sold is a portion of a larger tract containing five and one-half arpents front on the Bayou by the depth thereto belonging. In discussing this contention, it is necessary to ascertain the meaning attached to the words "more or less," used in the deed conveying realty, and to construe the provisions of the deed in connection therewith.

The words "more or less" are words of safety and precaution and, when used in a deed, are intended to cover some slight or unimportant inaccuracy in the frontage, depth or quantity in the land conveyed. 8 R.C.L. 1080; 18 C.J. 289; Lawrence v. Young, 144 La. 1, 80 So. 18; Blaney v. Rice, 20 Pick., Mass., 62, 32 Am.Dec. 204. These words have never been used for the purpose of covering serious discrepancies or major inaccuracies.

While the use of the words "more or less" will enable an adjustment to the imperative demands of fixed monuments, they do not warrant or destroy the indications of distance and quantity when no other guides are furnished. Oakes v. De Lancey, 133 N.Y. 227, 30 N.E. 974, 28 Am.St.Rep. 628.

The term "more or less" ordinarily means "about" when used in a deed. 18 C.J., Sec. 262, Page 289. The same thing may be said concerning the terms "a little more than," "not quite," "not more than," or "approximately." All are terms of safety and precaution. The use of any

of these terms implies that there is no considerable difference in the measurements or the quantity of the land sold. They are often introduced into a description practically without effect. It is to be observed that according to the initial description of the property purchased, Willie Pierce acquired unqualifiedly from Ines Pierce a tract of land having a depth of "seven acres," and then, secondly, her rights, whatever they were, to the land lying in the rear as far back as the west range line. The conveyance of the tract of land in the rear was in the nature of a "quitclaim," whereas the sale "to the depth of seven acres" was in the nature of a warranty title. In other words, the title of Willie Pierce to this particular tract of land was a warranty title to the depth of seven acres and a quitclaim title to the acreage lying to the rear of that depth.

In his sale to Andre Martin, Willie Pierce described the property conveyed as having a depth of "seven arpents, more or less," whereas his warranty title to the property acquired from Ines Pierce called for the greater depth of "seven acres." If the words, "more or less," had been omitted from the deed of Willie Pierce to Andre Martin, the title of the latter, obviously would be restricted to the depth specifically described therein, viz., "seven arpents," and there would remain in Willie Pierce, out of the property covered by his vendor's warranty, the difference between "seven arpents" and "seven acres," or approximately a depth of 113 feet in the immediate rear of the 7-arpent tract.

In his other sales executed on the same day to Daize Cheramie and Ernest Pitre, although possessing according to his title a depth of "seven acres," Willie Pierce assigned to each purchaser a depth of seven "arpents more or less," which would seem to indicate the understanding of the parties that the vendee should take a depth of more than seven "arpents" up to the vendor's apparent title depth of "seven acres," if that depth should actually be found on the ground. The same thing may be said with reference to the sale by Willie Pierce to Andre Martin. Since a "7-acre" line as a land mark might not be situated exactly "seven acres" from the line of the Bayou, the term "seven arpents more or less" was apparently used by the parties with respect to its actual location on the ground and to evidence their intention that the vendee should take the land up to its actual location, whether or not, by actual measurements, its depth proved to be "more" or "less" than seven "arpents."

The tract of land in dispute measures approximately 2700 feet in depth behind the 7-arpent line, constituting a body of land approximately twice as deep as the tract of land specifically described in the deed. This tract of land was not acquired by Willie Pierce under a warranty title. It is not reasonable to assume that in making the sale to Andre Martin, which was evidenced by a warranty deed, that by the use of the words "more or less" he intended to transfer a tract of land to which he had no warranty title. That was the conclusion reached by the trial judge, as shown by his able and exhaustive written reasons for judgment in which he disposes of the issues involved in the case. We quote from those reasons:

"That he (Willie Pierce) intended the term 'more or less' to warrant the vendee in a claim all the way back to the range line, does not impress the court.' The entire history of transactions in these lands indicates that the terms 'acre' and 'arpents' were often employed indiscriminately or, at least, confusedly. The court believes that in all of his sales on January 27th, 1916, Willie Pierce had in mind the depth of seven acres or seven arpents; that at that time neither he nor his vendees attached much definite significance to the difference between an acre and an arpent; and that all parties understood that they were taking to the depth sometimes referred to as seven acres and at other (times) as seven arpents; and that the term 'more or less' was used for the purpose of protecting all parties, that is; whether the vendees should eventually get actually less than seven arpents, or should have the fortune of extending their lines in the rear as far as seven acres before encountering the property of other owners."

The contention of the defendants that the recital in the deed, the property conveyed is a portion of a larger tract "five and one-half arpents front on said Bayou (Lafourche), the depth thereto belonging," evidences the intention of the vendor to include the property in dispute in the sale, was correctly rejected by the trial judge. After stating defendants' contention, namely, "It is our contention that when this description is taken as a whole it indicates an intention to alienate a parcel of land having a frontage named in the act by the full depth owned by the grantor," the tri-

al judge sets forth his conclusions in these words:

"The intention thus suggested is scarcely supported by the descriptive language employed in the act itself.

"Thus, it is definitely designated as having a depth of seven arpents, more or less.

"Had the vendor intended, as suggested, to sell to the full depth owned by him, the obvious and easy description to use would have been: 'by the full depth thereto belonging.'

"Instead of using such unambiguous description, the parties clearly indicated that their minds and intention were centered on a depth that might be somewhat more or somewhat less than seven arpents.

"The later declaration that the tract sold was part of a tract measuring a front of 5½ arpents—the depth thereto belonging, instead of being an effort to further specify either the frontage or the depth of the parcel then being acquired by Andre Martin, was nothing more than simple 'locative' information, whereby it was made certain that the parcel transferred to Andre Martin was to be found within the limits of a larger tract. The fact that such larger tract had in fact, both a greater frontage and a greater depth (in part) than the parcel then being dealt with, can have no 'enlarging' effect on the dimensions already assigned to Mr. Martin, viz.: 1½ arpents front, by a depth of seven arpents, more or less. For proper identification it was al-

most necessary to indicate the dimensions of the larger tract.

"Such 'indication' is entitled to no modifying effect on the dimensions already assigned and sold to Andre Martin.

"Manifestly, the Andre Martin title must be found in the description 'seven arpents, more or less.'

"Considering the history of the case and attendant circumstances as appearing in the record, the court does not feel justified in holding that the words 'more or less' warrants the extension of the Martin title any further towards the rear of the frontage acquired by him, than to the seven acre line, which was the warranted depth sold to Willie Pierce."

On May 10, 1937, Willie Pierce sold to Felicien Duet, Jr., his co-plaintiff, a one-fourth interest in the property in the rear of the 7-acre line, which is the property in dispute.

Our conclusion, coinciding with that reached by the trial judge, is that Willie Pierce intended to sell, and actually sold to Andre Martin only that portion of his holdings which he possessed under a warranty title, namely, the tract of land having the frontage named in the act by seven acres in depth.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., and LAND, J., take no part.