ARAB CORPORATION et al. v. BRUCE et al.

Civil Action No. 299.

District Court, E. D. Louisiana.

July 30, 1941.

Benjamin W. Dart, Harry P. Gamble, Jr., Joseph M. Jones, and Selim B. Lemle, all of New Orleans, La., for plaintiffs.

Eugene D. Saunders and Charles D. Marshall, both of New Orleans, La., and Hubert A. Lafargue and Harvey Peltier, both of Thibodaux, La., for Philocles C. Authement.

Charles H. Blish and R. C. Milling, both of New Orleans, La., and Roland B. Howell, of Thibodaux, La., for Texas Company.

Gill & Simon and Spearing, McClendon & McCabe, all of New Orleans, La., for Joseph W. Bruce et al.

Alvin O. King, of Lake Charles, La., for Bennett Oil Corporation.

Monroe & Lemann, of New Orleans, La., for Berkshire Oil Co.

BORAH, District Judge.

Plaintiffs, Arab Corporation and Duneco, Inc., allege themselves to be the owners in indivision of all of Section 12, Township 19 South, Range 22 East Southeastern Land District of Louisiana in Lafourche Parish, Louisiana, less and excepting:

(1) That portion of said Section 12 described in (a) the deed from James B. Guthrie to Samuel W. Moody, dated March 3, 1874, registered in Conveyance Records of the Parish of Lafourche in Conveyance Book 5, page 592, covering an undivided ⅔ interest, and (b) the deed by James B. Guthrie to Frank Morey dated March 3, 1874, registered in the Conveyance Records of the Parish of Lafourche in Conveyance Book 15, page 615, covering an undivided ⅓ interest, said portion being described as follows:

"A certain tract of land set over to the vendor by act of partition between him and Drauzin Gaspard dated 30th November, 1872, recorded in the office of the Recorder of said Parish of Lafourche.

"The said tract has a front on Bayou Lafourche of about six and a half (6-½) acres and lies between the converging lines and forms the lower part of Lot 12, T. 19 S. of R. 22 E. in SE District of La., and contains one hundred (100) acres more or less, as will more fully appear by reference to the State maps in the Land Office of this State."

(2) That portion of said Section 12 described in the deed by James B. Guthrie to Sheldon Guthrie dated December 28, 1897, registered in the Conveyance Records of the Parish of Lafourche in Conveyance Book 31, page 161, said portion more particularly described in said deed as follows:

"One certain tract of land situated in the Parish of Lafourche on the right bank of Bayou Lafourche about sixty miles below the Town of Thibodaux comprising (a) certain land purchased by vendor from Stephen H. Griffin and William V. Griffin as per act of sale passed before Emile E. LeBlanc, Recorder of the Parish of Lafourche on the second (2nd) day of June A. D. Eighteen Hundred and Seventy three (1873) and (b) certain land purchased by vendor from Drauzin Gaspard as per act of sale passed before Jas. Fahey, Notary Public, New Orleans, La., on the Eighteen (18th) day of February, A. D. Eighteen Hundred and Seventy four.

"The said tract of land composed of two tracts of land 'A' and 'B' hereinbefore described is bounded on the upper side by land belonging to Messrs. Dillingham & Hunt, and on the lower side by land belonging to B. J. Morey, and the estate of the late Frank Morey, and measures fourteen (14) acres more or less front on Bayou Lafourche by seven (7) acres in depth."

An exhibit annexed to their petition shows that plaintiff corporations acquired by mesne conveyances from the heirs of James B. Guthrie and his wife, Clara Merrick Guthrie.

By supplemental complaint the further averment is made that the property sold by James B. Guthrie to Sheldon Guthrie on December 23, 1897, constituted a sale of "only that portion of the said Section 12 lying between Bayou Lafourche and the 7-acre line, said line being a line drawn parallel with Bayou Lafourche and 7 acres distant therefrom, * * *. The said James B. Guthrie then remained the owner of all of Section 12 lying west of the aforesaid 7-

acre line * * * which said land is the land presently owned by plaintiffs herein as transferees by mesne conveyances from the said James B. Guthrie, and of which they desire to be declared the owners". In this supplemental complaint plaintiffs allege and pray that the Court declare,

"(1) That by the act under private signature dated December 23, 1897 * * * James B. Guthrie sold·to Sheldon Guthrie only that portion of the said Section 12 lying .between Bayou Lafourche and the 7-acre line, said line being a line drawn parallel with Bayou Lafourche, and 7 acres distant therefrom, * * *.

"(2) That the said James B. Guthrie then remained the owner of all of Section 12 lying West of the aforesaid 7-acre line * * *.

"(3) That the said land in Section 12 owned by James B. Guthrie after the sale aforesaid to Sheldon Guthrie is presently owned by plaintiffs herein as transferees by mesne conveyances from the said James B. Guthrie."

From the foregoing it is apparent that the only right asserted by plaintiffs in this suit is predicated upon the allegation that the deed from James B. Guthrie to Sheldon Guthrie dated December 23, 1897, conveyed only the front 7· acres of the property described in that deed.

The matter·is now before the Court on motion of defendant, Philocles C. Authement, and others to dismiss the suit of plaintiffs on the grounds (a) that plaintiffs are without any interest to prosecute this suit, and (b) that the original and supplemental complaints fail to state a case upon which relief can be granted.

An exhibit annexed to the original complaint shows that Arab Corporation is asserting its ownership of an interest in the property behind the front 7 acres which it acquired by mesne conveyances from Barbara J. Weill.

It now appears that prior to the filing of this action, Philocles C. Authement instituted a suit in the 17th Judicial District Court for the Parish of Lafourche against Barbara J. Weill et al. In that suit Authement sought the cancellation from the public records of Lafourche Parish of the inscription of an agreement executed by Barbara J. Weill and Fred Shields, in which instrument Mrs. Weill and Shields made assertions of title in Mrs. Weill of the property behind the front 7 acres of land. Authement alleged that this instrument constituted a cloud upon his title. In answer to the petition Mrs. Weill asserted her title to the property referred to in her contract with Shields, thereby converting the suit into a petitory action. The case was tried and a judgment rendered in favor of plaintiff decreeing Mrs. Weill to be without any right, title or interest in the property and ordering her contract with Shields cancelled from the public records. On appeal to the Supreme Court of Louisiana the judgment of the trial court was affirmed, Philocles C. Authement v. Barbara J. Weill, et al., 2 So.2d 31, 33. In its opinion the Supreme Court set forth the contentions of the parties as follows:

"Plaintiff contends that James B. Guthrie sold to Sheldon Guthrie all of lands 'a' and 'b'. On the other hand, defendant contends that James B. Guthrie sold to Sheldon Guthrie only that portion of tracts 'a' and 'b' which is situated between Bayou Lafourche and the line parallel to the bayou and seven acres distant therefrom. * * *

"The claim of title by Mrs. Weill rests on her contention that when he sold to Sheldon Guthrie, James B. Guthrie did not convey that portion of the tract of land which lay seven arpents in the rear of the portion that fronted on Bayou Lafourche. Obviously, the claim of title set up by Mrs. Weill must be rejected, if the conveyance by James B. Guthrie to Sheldon Guthrie embraces the designated frontage of the property with the title depth to the range line to the west and the rear of the frontage."

The Supreme Court quoted with approval the District Judge's analysis of the two deeds by which James B. Guthrie acquired the property and the deed by which he sold to Sheldon Guthrie, made additional observations with respect thereto and concluded by saying: "Whatever controversy might arise between the present plaintiff and persons claiming to own through or from Sheldon Guthrie, or his assigns in title, it is clear that the defendant, Mrs. Barbara J. Weill, claiming through and under James B. Guthrie, has failed to establish any interest in the property since she can have no greater interest therein than James B. Guthrie himself, if he were living at the present time."

The only interest asserted by plaintiffs in this suit is an interest which they contend was not conveyed by James B. Guthrie to Sheldon Guthrie. The Su-

preme Court of Louisiana has now construed the act of sale from James B. Guthrie to Sheldon Guthrie and has held that the deed on its face has a certain and definite meaning and that meaning is that James B. Guthrie did not reserve or retain the interest upon which plaintiffs herein predicate their right to prosecute this suit. As James B. Guthrie had no interest in the property at the time that he died, it follows that the plaintiffs herein acquired no interest from his heirs.

With respect to Arab Corporation, the pleadings in this case show that it acquired its title from Mrs. Weill during the pendency of the suit which the defendant Authement had instituted against her, and the interest which she is seeking to obtain here is the very interest which the Supreme Court of Louisiana has held to be non-existent. With respect to Duneco, Incorporated, its entire rights depend upon whether or not James B. Guthrie retained ownership of the rear portion of the property described in his deed to Sheldon Guthrie, and the court of last resort of Louisiana has now held that no such interest was retained. Applying the rule enunciated in Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, that state law as determined by the state's highest court is to be followed as a rule of decision in the federal courts, I conclude that the motions to dismiss are well founded in both particulars and should be granted.