ARAB CORPORATION & DUNECO, Inc., v. BRUCE et al.

SAME v. THERIOT et al.

Nos. 10141, 10149.

Circuit Court of Appeals, Fifth Circuit.
June 26, 1942.

Benjamin W. Dart, H. Grady Price, Harry P. Gamble, Jr., and Arthur A. Moreno, all of New Orleans, La., for appellants.

Warren M. Simon, Eugene D. Saunders, R. C. Milling, L. K. Benson, and Chas. H. Blish, all of New Orleans, La., and Roland B. Howell, of Thibodaux, La., for appellee Bruce and others.

R. C. Milling, L. K. Benson, and Chas. H. Blish, all of New Orleans, La., and Roland B. Howell, of Thibodaux, La., for appellee Theriot and others.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suits were for a declaratory judgment to remove cloud from title and for an accounting in damages, as to tracts of land described as "all of Section 12, Township 19 South, Range 22 East, in Lafourche Parish, Louisiana, less and excepting certain portions." [1]

The claim was that plaintiffs were the owners thereof by chain of title fully set out in the appendix to the pleading; that defendants had executed and caused to be registered, described acts and instruments under which they are claiming rights adverse to plaintiffs' ownership of the property, thereby creating a cloud upon their title; that defendants have, and at all times have had, knowledge that neither plaintiffs nor those under whom they hold

[1] "(1) That portion of said Section 12 is described in (a) the deed from James B. Guthrie to Samuel W. Moody, dated March 3, 1874, registered in Conveyance Records of the Parish of Lafourche in Conveyance Book 5, page 592, covering an undivided ⅔ interest, and (b) the deed by James B. Guthrie to Frank Morey dated March 3, 1874, registered in the Conveyance Records of the Parish of Lafourche in Conveyance Book 15, page 615, covering an undivided ⅓ interest, said portion being described as follows:

" 'A certain tract of land set over to the vendor by act of partition between him and Drauzin Gaspard dated 30th November, 1872, recorded in the office of the Recorder of said Parish of Lafourche. The said tract has a front on Bayou Lafourche of about six and a half (6-½) acres and lies between the converging lines and forms the lower part of Lot 12, T. 19 S. of R. 22 E. in SE District of La., and contains one hundred (100) acres more or less, as will more fully appear by reference to the State maps in the Land Office of this State.'

"(2) That portion of said Section 12 described in the deed by James B. Guthrie in Sheldon Guthrie dated December 28, 1897, registered in the Conveyance Records of the Parish of Lafourche in Conveyance Book 31, page 161, said portion more particularly described in said deed as follows:

" 'One certain tract of land situated in the Parish of Lafourche on the right bank of Bayou Lafourche about sixty miles below the Town of Thibodaux comprising (a) certain land purchased by vendor from Stephen H. Griffin and William V. Griffin as per act of sale passed before Emile E. LeBlanc, Recorder of the Parish of Lafourche, on the second day of June, A. D. Eighteen Hundred and Seventy three (1873) and (b) certain land purchased by vendor from Drauzin Gaspard as per act of sale passed before Jas. Fahey, Notary Public, New Orleans, La., on the Eighteenth (18) day of February, A. D., Eighteen Hundred and Seventy Four.'

"The said tract of land composed of the two tracts of land 'A' and 'B' hereinbefore described is bounded on the upper side by land belonging to Messrs Dillingham & Hunt, and on the lower side by land belonging to B. J. Morey, and the estate of the late Frank Morey, and measures fourteen (14) acres more or less front on Bayou Lafourche by seven (7) acres in depth."

had ever sold or disposed of their interests in the property, but that on the contrary, they then owned them; that the defendants were in actual legal and moral bad faith and plaintiffs were entitled to have the instruments cancelled as clouds upon their title; that the Texas Company and the Bennett Oil Company had trespassed upon and drilled wells upon the property and had taken large quantities of oil therefrom and plaintiffs are entitled to an accounting. Defendants filed motions to dismiss the actions "because the complaint fails to state a claim upon which relief can be granted." There was a supplemental complaint in which plaintiffs alleged; that the deed from James B. Guthrie to Sheldon Guthrie sold only that portion of Section 12 lying between Bayou Lafourche and the 7 acre line, and that he remained the owner of all thereof lying West of the 7 acre line; and prayed for a declaration of their rights in the premises accordingly and a judgment cancelling the defendants' acts and instruments. The motions to dismiss extended to include the pleading as amended by supplemental complaint, were heard on September 20, 1940, and on January 17, 1941, they were overruled and defendants were granted 30 days to plead further.

On July 28, 1941, there was a judgment reciting, "that for the written reasons of the court on file herein,[2] the order of January 17, 1941, is recalled, vacated and set aside, insofar as it denies the motion of defendants to dismiss for failure to state a claim upon which relief could be granted", and an order that "the motions to dismiss for failure to state a claim upon which relief could be granted be and the same are hereby maintained and plaintiffs' suits are dismissed."

Great argument is made on either side as to the meaning of the deed construed within its four corners. On the one hand, the appellants stress the specific description in the deed, "the said tract of land composed of the two tracts of land A and B, hereinbefore described, is bounded on the upper side by land belonging to Messrs. Dillingham and Hunt, and on the lower side by land belonging to B. J. Morey and the estate of the late Frank Morey, and measures fourteen (14) acres more or less front on Bayou Lafourche by seven (7) acres in depth", and argue that this is a specific description which as matter of law controls the general and therefore excludes from the conveyance the land, lying back of the seven (7) acre depth line. Appellees, stressing the general description, one certain tract of land comprising A, certain land purchased by vendor from Griffin, and B, certain land purchased by vendor from Gaspard, insist that this general description passes all of the land purchased by the two deeds and controls the so-called specific but really secondary description on which appellants rely.

We will not concern ourselves much with these discussions. Out of the plenitude of

[2] In the opinion the district judge, after setting out the pleadings, declared: "From the foregoing it is apparent that the only right asserted by plaintiff in this suit is predicated upon the allegation that the deed from James B. Guthrie to Sheldon Guthrie, conveyed only the front 7 acres of the property described in that deed. It now appears that prior to the filing of the action, one Authement sued Barbara Weill and others in the 17th Judicial District Court for the Parish of Lafourche, for a cancellation of an agreement in which Mrs. Weill and Shields made assertions of title in Mrs. Weill of the property behind the front 7 acres of land, and that this instrument constituted a cloud upon title. In answer to the petitioner Mrs. Weill asserted title to the property, converting the suit into a petitory action. The district court rendered judgment against Mrs. Weill which on appeal to the Supreme Court of Louisiana was affirmed. Authement v. Weill [197 La. 585], 2 So.2d 31. The only interest asserted by plaintiffs in this suit is an interest which they contend was not conveyed by James B. Guthrie to Sheldon Guthrie. The Supreme Court of Louisiana has now construed the act of sale from James to Sheldon Guthrie and has held that the deed on its face has a certain and definite meaning, and that meaning is that James Guthrie did not reserve or retain the interest upon which plaintiffs herein predicate their right to prosecute this suit. As James Guthrie had no interest in the property at the time he died it follows that the plaintiffs herein acquired no interest from his heirs * * * applying the rules enunciated in Erie [R. Co.] v. Tompkins, 304 U.S. 64 [58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487], that state law as determined by the state's highest court is to be followed as a rule of decision in the Federal courts, I conclude that the motions to dismiss are well founded in both particulars and should be granted."

oral argument and of filed briefs, one simple, dominant, controlling issue emerges and will not down. This issue is whether the Authement case, note 2, supra, was, as the district judge held it was, decided upon a construction of the written instruments alone, and is therefore binding upon the federal court as a decision of matter of law, Mutual Life Ins. v. Johnson, 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398, or was a decision of fact and law in which the instrument was held to be ambiguous and resort was had to and the construction of the deed was aided by, a consideration of extrinsic evidence.

We have carefully examined the Guthrie deed in the light of the discussion of it contained in the opinion of the Supreme Court of Louisiana and we are quite clear that as there construed the deed on its face was held to be ambiguous and subject to explanation, as to the intent of the parties and the meaning and effect of the deed, by resort to evidence aliunde.

This being so the decision of the Supreme Court of Louisiana was not a decision determining the meaning and effect of the deed as matter of law from its own four corners, but one construing it in the light of the extrinsic evidence received and resolved by the district court. It is therefore a binding decision not that plaintiffs' petition on its face shows no cause of action but that on the contrary it does, and that the construction of the crucial deed may not be undertaken on the pleadings alone but must await the light thrown upon it by the acceptance of evidence aliunde.

The judgments sustaining the motions to dismiss and dismissing the complaints were wrong. They are reversed and the causes are remanded for further and not inconsistent proceedings.