## ARAB CORPORATION et al. v. BRUCE et al.

### No. 10836.

Circuit Court of Appeals, Fifth Circuit.

May 8, 1944.

Bert Flanders, Jr., Harry P. Gamble, Jr., Benjamin W. Dart, H. Grady Price, and Arthur A. Moreno, all of New Orleans, La., for appellants.

Roberts C. Milling, Haywood H. Hillyer, Chas. H. Blish, Charles J. McCabe, Jones T. Prowell, Henry H. Chaffe, and Eugene D. Saunders, all of New Orleans, La., Charles A. McCoy and Alvin O. King, both of Lake Charles, La., and A. B. Culbertson, of Fort Worth, Tex., and Harvey Peltier, of Thibodaux, La., for appellees.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought for declaratory judgments, favorable to plaintiffs' contention,[1] as to the

---

[1] This contention is that by the last five words of the description, "by seven acres in depth", the conveyance of the two tracts the grantor had described in the deed as purchased from Stephen H. Griffin and (b) from Drauzin Gaspard was limited, so that he parted with title to only that portion of the described lands lying between Bayou Lafourche and the 7-acre line, and retained the ownership of all of the two tracts described which lie back of that line.

meaning and effect of a deed from James B. Guthrie to Sheldon Guthrie, dated December 28, 1897,[2] the object of the suits was to remove clouds from plaintiffs' title to a portion of Sec. 12, Tw. 19 So., R. 22 E., Lafourche Parish, and to obtain an accounting for oil taken therefrom. Tried twice with the same result, a judgment for defendants, plaintiffs have twice appealed. When they were here before, the appeals were from judgments on the pleadings rendered, because, in the opinion of the district judge,[3] the Supreme Court of Louisiana had, in Authement v. Weill, 197 La. 585, 2 So.2d 31, held that the deed in question on its face had a certain and definite meaning and that that meaning was contrary to plaintiffs' contention. Holding: that the Authement decision was not one determining the meaning and effect of the deed as a matter of law from its own four corners, but one construing it in the light of the extrinsic evidence received and resolved by the district judge; and that its construction may not be undertaken on the pleadings alone but must await the light thrown upon it by the reception of evidence aliunde, we reversed.[4]

This time the appeal is from a judgment against plaintiffs on the merits, rendered after a full hearing, in accordance with our mandate, and upon findings: that plaintiffs' cause has not benefited by the extraneous evidence which was accepted at the trial; that the evidence adduced at the trial seemingly negatives the idea that it was the legal intention of James B. Guthrie to retain title to any part of the tract, but that it is so closely and evenly balanced and so inconclusive and devoid of certainty that it cannot be considered as material aid to the court in the construction of the deed; that this being so, the case is apparently governed by the general rule of construction that when the parts of the deed are so radically repugnant that there is no rational construction that will render them effective and accordant, the earliest clause will stand and the last be rejected; and finally that the construction given the Guthrie deed in Authement v. Weill, supra, while not conclusive upon the court, is highly persuasive, and it should be departed from only for compelling reasons and upon the conviction that the holding of the Supreme Court of Louisiana was wrong.

Appellants insist that, in so deciding, the district judge has twice erred; once in persisting in the error, which induced and marred his first judgment, of attaching controlling importance to the Authement decision; and again in determining the true meaning and effect of the deed, from their position in it of the apparently conflicting clauses, instead of ascertaining the intention of the parties to it, from the language of the deed as a whole in the light thrown upon that language by the relevant acts and conduct of the parties. They insist also that in finding that plaintiffs' case has not benefited by extraneous evidence, the district judge has erred in refusing to consider the statements of Sheldon Guthrie, the grantee, in a letter written to his nephew in 1900, three years after the execution of the deed, that "only 98 acres of the LaBelle tract were transferred to me."[5] Finally, citing Bender v. Chew, 129 La. 849, 56 So. 1023, and Snell-

---

[2] The description in the deed was as follows:

"One certain tract of land situated in the Parish of Lafourche on the right bank of Bayou Lafourche about sixty miles below the Town of Thibodaux comprising (a) certain land purchased by vendor from Stephen H. Griffin and William V. Griffin as per act of sale passed before Emile E. LeBlanc, Recorder of the Parish of Lafourche, on the second day of June, A. D. Eighteen Hundred and Seventy-three (1873) and (b) certain land purchased by vendor from Drauzin Gaspard as per act of sale passed before Jas. Fahey, Notary Public, New Orleans, La., on the Eighteenth (18) day of February, A. D. Eighteen Hundred and Seventy-four."

"*The said tract of land composed of the two tracts of land 'A' and 'B' hereinbefore described* is bounded on the upper side by land belonging to Messrs. Dillingham & Hunt, and on the lower side by land belonging to B. J. Morey, and the estate of the late Frank Morey, and measures fourteen (14) acres more or less front on Bayou Lafourche by seven (7) acres in depth." (Emphasis supplied.)

[3] 39 F.Supp. 942.

[4] 129 F.2d 94.

[5] This letter, as to the matters in question here, reads as follows:

"I inclose herewith map and extract from a letter recd. from my late brother under date of Sept. 25, 1899.

" 'Copy—I own the whole of "Company Grove" which is enclosed in a blue line on the left descending bank of Lafourche having bought out Mrs. Morey half interest in Company Grove.

" 'That is all I own, having transferred to you lot No. 20 containing 147.50 or "Big

ing v. Adair, 196 La. 624, 199 So. 782, appellants insist that the district judge in rejecting their contention has erroneously disregarded and failed to apply the generally prevailing rule of construction "where a particular and a general description in a deed conflict and are repugnant to each other, the particular will prevail unless the intent of the parties is otherwise manifested on the face of the instrument".

Appellees, on their part, insist that the district judge was right in his expressed view that the construction given to the deed in the Authement case should control here unless the evidence here was so different from the evidence there as to furnish compelling reasons for a different construction, and that no such differences appear. As to the view of the district judge that the position of the clauses in the deed was controlling in its construction, appellees insist that this was only one reason given for his opinion, and if unsound, it will not affect the otherwise sound judgment, for the appeal is from the judgment and not from the reasons given in its support. As to the refusal ·of the district judge to give effect to Sheldon Guthrie's statement as to what he thought he had acquired by the deed, they point out that the letter containing his construction of the deed contains a statement from James B. Guthrie, the grantor, to the exactly opposite effect, and they insist that if either of these statements is admissible in evidence, that of the grantor as to what he intended to convey, and thought he had conveyed, rather than that of the grantee as to what he intended to buy, and thought he had bought, would control, for "the ultimate purpose in construing a deed is to ascertain the intention of the grantor", Gibbs v. Barkley, Tex.Com.App., 242 S. W. 462, 464; Sun Oil Co. v. Burns, 125 Tex. 549, 84 S.W.2d 442, 443. They insist, however, that Sheldon Guthrie's statement, amounting as it does merely to a statement of the personal intention of the grantee or his personal construction of the deed, can have no effect on the instrument itself or its construction. They point out that Art. 1956 of the Rev.Civil Code,[6] which, in line with the jurisprudence of other states, authorizes extrinsic evidence where the intent of the parties is doubtful, by its terms requires such evidence of conduct to be mutual and expressive of common intent and not individual and expressive of personal intent.[7] Of appellants' point that the deed must be construed upon its face and that, so construed, the rule requiring a general to yield to a particular description compels the construction for which they contend, appellees say that appellants are now taking a contrary position

Tree" on left bank, and the lands included in No. 9 and the upper half and over of No. 12 on the right bank.

"'The land sold to Harang lies in the lower part of the map enclosed in blue lines.

"'As I make it out the Edith & Grace (Morey land) is comprised by about one half of the lower part of 12; Labelle comprising a little over the upper half of 12 and of No. 9. The Morey tract (E & G) also includes I think lots 1 & 2, of section 6, though those lots may have been sold years ago to Auguste Crappel'—

"The foregoing marked 'copy' is taken verbatim from my brother's letter of date aforesaid.

"The tracts referred to as Big Tree and Labelle are those transferred to me. Big Tree comprises 6 acres more or less front on Bayou Lafourche by 7 acres in depth say 42 acres. Labelle comprises 14 acres more or less front on Lafourche by 7 acres in depth say 98 acres.

"The transfer was made by private act. It is on file in the Recorder's office but have no copy of it. Was passed I think in October, 1898.

"This map was mislaid for several years, and had not been found when transfer was made to me. Consequently there is no reference to lines of original survey, the lands being designated by metes and bounds well known and amicably established by the late S. F. Gard with the full knowledge and consent of all parties concerned in 1872-1874. These bounds have never been called in question. You will observe that in the above extract lots No. 20, or Big Tree is noted as containing 147.50 acres while I claim only 42 acres. This is because I did not care to pay taxes on over 100 acres of no value. The same is to be said of Labelle the other tract which comprised some 250 acres of which only 98 acres were transferred to me".

6 This article provides:
"When the intent of the parties is doubtful, the construction put upon it, by the manner in which it has been executed by both, or by one with the express or implied assent of the other, furnishes a rule for its interpretation."

7 Cf. Sun Oil Co. v. Bennett, 125 Tex. 540, 84 S.W.2d 447, 448; and Property—Restatement, Vol. 3, p. 1206-7 which hold ineffective grantor's statements of intent.

to that which they took on their first appeal, when they sought to avoid the effect, as a binding precedent, of Authement v. Weill. Then they were insisting that the deed on its face was ambiguous, that for its construction, resort to extrinsic evidence was necessary, and that, therefore, Authement's case was not controlling. Now, when extrinsic evidence requiring the construction of the deed as they wish it construed is lacking, and they are here insisting that the deed should be construed without resort to such evidence, they find themselves undone by Authement's case which, on a record the same in substance as that here, went flatly against their contention. Finally, they say that, in insisting upon the decision of this case by the application to it of the formal and mechanical rule of construction that a particular controls a general description, instead of the rule of relative place in the instrument adopted by the judge and condemned by them, they have weakened, not strengthened their position. For "The strictness of ancient rules for construing deeds and like instruments has been relaxed, and it is now well settled that all parts of the instrument will be given effect when possible, and the intention of the parties will be gathered from the whole without reference to matters of mere form, relative position of descriptions, technicalities, or arbitrary rules." [8]

█ We agree with appellees. We think the district judge was right, for the reasons that he gave,[9] in rejecting the

---

[8] Sun Oil Co. v. Burns, 125 Tex. 549, 84 S.W.2d 442, 444, referred to with approval in Snelling v. Adair, 196 La. 624, 199 So. at page 785. In that case the Supreme Court of Louisiana, quoting from 6 R.C.L., 834 said:

"Generally speaking, the cardinal rule in the interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention if it can be done consistently with legal principles. * * * In other words, the object to be attained in construing a contract is to ascertain the meaning and intent of the parties as expressed in the language used." And after citing many authorities, it continued: "It is expressly provided in the Revised Civil Code 'That courts are bound to give legal effect to all such contracts according to the true intent of all the parties' and this 'intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences.' Article 1945.

"It therefore follows that we must endeavor to ascertain the intention of the parties, if possible, * * *." [196 La. 624, 199 So. 784, 785.]

Bender v. Chew, 129 La. 849, 56 So. 1023, 1025, is to the same effect. It was there said "That construction should control which appears most in accordance with the intention of the parties. (Authorities.) It is, besides, a rule of interpretation that a particular description in a deed, referring to a former deed, even though the language is that the grantor intended to convey the same and identical real estate conveyed by the former deed, is not necessarily enlarged. The whole intent is to be taken from the whole description, particular as well as general." (Emphasis supplied.)

Cf. also Restatement—Property, Sec.

242, p. 1196: "The judicially ascertained intent of a conveyor is normally determined by the language employed in his conveyance, read as an entirety and in the light of the circumstances of its formulation."

[9] "Having in mind the all important fact that a valid deed ambiguous on its face is before the Court for construction only, let us proceed to inquire what use can properly be made of extrinsic evidence in aid of its interpretation. There can be no doubt but that the primary object in its construction is to arrive at the intention of the parties as expressed in the words of the deed. But the law has laid down certain rules declaring by what kind of proof in any given case the intention is to be ascertained, and there are but two possible sources of information—viz., the facts and circumstances of the cases, and the intention of the parties as declared by them before, at, or after the making of the deed. All the extrinsic evidence that can be offered is thus divisible into two classes and this division of extrinsic evidence not only exists in the nature of the case, but is of the utmost practical importance in the interpretation of all legal instruments, as the rules for the admissibility of the two kinds of evidence are not the same. As to the first class, evidence of the surrounding facts and circumstances is always admissible in aid of the interpretation of all legal instruments. Smith v. Chappell, 177 La. 311, 323, 148 So. 242. However, declarations of intention are receivable in evidence only in the case of equivocation, that is, where the words in the instrument describe well but equally well two or more persons or two or more things. Patch v. White, 117 U.S. 210, 211, 217, 6 S.Ct. 617, 710, 29 L.Ed. 860; Hill et al. v. Felton, 47 Ga. 455, 467, 15 Am.Rep. 643; 20 Am.Jur.

statements of Sheldon Guthrie as to what he had intended to buy or thought he had bought, and right in holding that "none of the extrinsic evidence had benefitted plaintiffs' case". This being so, it would have been sufficient for him to have concluded that the admissible extrinsic evidence being substantially the same in effect as that in Authement's case, that case was determinative of this. But that case aside, we think it clear that the language used in the deed, unless controlled by relevant evidence in conflict with what there appears, and there is no such evidence here, shows plainly the effective intent of the grantor to convey not a limited portion, fronting 14 acres on the bayou by 7 acres in depth, but all, of the two tracts the deed described as conveyed; that the subordinate clause upon which appellant relies as so in conflict with the main descriptive clause as to change the whole meaning and effect of the deed, is not in fact in such conflict; and that it was not intended to have, it does not have, the effect claimed for it. Entirely wanting in the specificity requsite to make it fatally repugnant to the preceding descriptive clause within the invoked rule, it was apparently inserted in an effort on the part of the grantor to give in terms appropriate to Bayou Lafourche lands, and used and understood in that vicinity, not an exact but an approximate estimate of the quantity of usable, that is, high, lands conveyed, where none of the high lands extend more than seven and generally not more than 5.95 acres from the bayou, and the back lands are such worthless appendages to the highlands that no one is expected to, or does, render them or pay taxes on them. This being so, in the absence of most positive and unequivocal language indicating such intent, it would hardly be reasonable, in construing this deed, which described the lands sold by reference to the deeds by which the grantor bought them, to find it expressive of an intent to withhold from the conveyance, and therefore reserve to the grantor, the worthless part of the land described, and this without making any provision for access to this part of the land thus cut off.

█ The jurisprudence of Louisiana in respect of the construction of deeds to ascertain the intent of the grantor, not at large, but as expressed in them, is no different from that obtaining generally elsewhere, 16 Am.Jur., Secs. 285-6-7-8, cited with approval in Snelling v. Adair, 196 La. 624, 199 So. at page 785. The rule that where there is a specific and a general description and these conflict with, or are repugnant to, each other, the specific will prevail over the general unless the intent of the grantor to the contrary is otherwise manifested in the instrument, is only one of the rules in aid of the main, the primary, purpose of construction to arrive at the intent of the grantor as the deed expresses it. This purpose dominates all the rules. To it, except as they aid it, all rules give way, and the true intent ascertained, the quest is over, the search is at an end. Under this general and controlling rule of construction, that the expressed intent is the object of the search, whether a clause is specific or general or what its relative position in the deed, is not of primary importance. It is for the court primarily from the face of the deed itself, and in the light, when the meaning is doubtful, of such extrinsic evidence as is available, to ascertain and declare that intention, Sun Oil Co. v. Burns, supra, Snelling v. Adair, supra, 16 Am.Jur., supra. Reading the language of the deed, under consideration here, with this purpose in mind and considering it in the light of the conduct of the parties, since its execution, with respect to its subject matter, we think it may not be doubted that the intention of the grantor, as expressed in it, was to convey all of the land described in it, by reference to the deeds of purchase, and that the last clause with its reference to the bayou frontage and the depth back was not intended as, it did not constitute, a specific and controlling description in conflict with and repugnant to that intention. Beginning, "The said tract of land composed of the two tracts

---

996, par. 1142. It is plain that the description in the crucial deed is not equally applicable in all its parts to two things, and consequently this is not a case of equivocation and declarations of intention on the part of James B. Guthrie and Sheldon Guthrie as to what they had done or designed to do by this deed or as to the meaning of its language, come within the rule of exclusion and are not to be received in evidence. Restatement of the Law of Property, Vol. III, Ch. 18, Sec. 242, p. 1206."

610

of land A & B heretofore described", and following with its statement of boundary-men, it is made quite plain, we think, that the concluding words, "and measures 14 acres, more or less, front on Bayou La-fourche by 7 acres in depth" were intended only as further description of the same land, rather, than as an attempt to limit the prior positive and comprehensive description of the land conveyed as that embraced in, and conveyed to grantor by, the two deeds referred to.

Because appellants insist so strongly that Pierce v. Lefort, 197 La. 1, 200 So. 801, is in direct conflict with Authement's case, we think we should point out why this is not, it cannot be, so. The same district judge, Butler, tried both of these cases below. The same justice, Rogers, wrote both of the opinions on appeal. The opinion in Authement's case was handed down within two months of the coming down of that in the Pierce case, but it does not refer to that case. It would seem strange that the inconsistency which appears so glaring to appellants would not be apparent, at least to some extent, to those who decided the two cases and wrote the opinions in them, and if they were at all in conflict, it would be strange. The fact is, though, that the two opinions deal with completely different facts, they construe entirely different deeds. Authement's case construes the Guthrie deed in question here. Pierce's construes a deed from one Willie Pierce to Andre Martin, dated January, 1916, to an entirely different tract of land conveyed by an entirely different description, and the reasoning of the district judge and of the Supreme Court of Louisiana in reaching the results they did in the two cases is not inconsistent, but entirely consistent. The judgment below was right. It is affirmed.

HOLMES, Circuit Judge (specially concurring).

I concur in the result for the reasons stated by the court below in its opinion. I quote with approval from said opinion the following clear and succinct statement [50 F.Supp. 350, 355]:

"The evidence adduced at the trial seemingly negatives the idea that it was the legal intention of J. B. Guthrie to retain title to any part of the tract though it must be conceded that the evidence does point one way and then the other. It is so closely in even balance and so inconclusive and devoid of certainty that it cannot be considered as of material aid to the Court in the construction of the deed. This being so, this case is apparently governed by the general rule of construction which provides that when the parts of a deed are so radically repugnant that there is no rational construction that will render them effective and accordant that the earliest clause will stand and the last be rejected. And especially should the rule be applied where as here the later provision, if given effect, would completely alter the principal terms of the deed which has previously been clearly set out. See Restatement of the Law of Property, Vol. III, Ch. 18, Sec. 246, p. 1237.

"In Authement v. Weill, supra, it was held that the deed from James B. Guthrie to Sheldon Guthrie conveyed all of the land in question and that the persons holding under James B. Guthrie had no interest therein. The plaintiffs hold under James B. Guthrie and are seeking by this action to have rights recognized which the Supreme Court of Louisiana has held do not exist. While Authement v. Weill is not conclusive on this Court, yet the holding of the Supreme Court of Louisiana construing the Guthrie deed should only be departed from because of compelling reasons, in view of the confusion and uncertainty of titles that would result from a different determination as to the validity of the title to land, depending upon the accidental circumstance as to whether the action was instituted in a state or federal Court of the locality where the land was situated. This Court in the exercise of its independent judgment is unable to assign any reason that would justify a departure from the holding of the Supreme Court of Louisiana but firmly believes that there is every reason why the construction given the Guthrie deed in Authement v. Weill should be followed."