Mr. Justice DAVIS
 

 delivered the opinion of the court.
 

 The solution of one question presented by the record is decisive of this case.. Does the writ of
 
 fieri facias,
 
 tested and issued after the death Of the party against whom the judgment is rendered, confer power on the ministerial officer to execute it? That St. Maxent was the owner of the lands in controversy at the time of his death, and the plaintiffs below are his heirs-at-law, is admitted; but it is claimed that the title was divested by certain proceedings in attachment against him in the courts of Florida, which ripened into a judgment while he was alive. It is a weil-settled pi’inciple of law, which has often received the sanction of this court, that the decree or judgment of a court, having jurisdiction, is binding until reversed, and cannot be collaterally attacked. But the defect in this case occurs after the judgment, and is fatal to Mitchell’s title, for purchasers at a judicial sale are not protected, if the execution on which the sale was made was void. Yoid process confers no right on tho officer to sell, and all acts done under it are absolute nullities.
 

 The writ of
 
 fieri facias
 
 on which Mitchell rests his title, was tested after the death of St. Maxent; and, according to a familiar rule of the common law, it was therefore void. The death of a defendant, before the test of an execution, compels the plaintiff to sue out a writ of
 
 scire facias,
 
 “for the alteration of the person altereth the process.”
 
 ‡
 
 The heirs, devisees, and terre-tenants of the deceased must have
 
 *243
 
 notice before an execution can regularly issue, for tliey are the parties in interest, ancl should have an opportunity to interpose a defence, if any they have, to the enforcement of the judgment.
 
 Erwin’s Lessee
 
 v.
 
 Dundas
 

 *
 

 is an authority in point, and it is unnecessary to refer to any other.
 

 But it is contended that the doctrines of that case have been overturned by the decision of
 
 Taylor
 
 v.
 
 Doe,
 
 reported in 18th Howard. This is an erroneous view of that decision. The court held, in that case, that it is not necessary to revive a judgment by
 
 scire facias,
 
 where an execution regularly issued during the life of the defendant had been levied on land, but that the officer who had made the levy could proceed to sell, under a
 
 venditioni exponas. That writ
 
 was regarded as a completion of the previous execution, by which the property had been appropriated, and not as an original or independent proceeding.
 

 It was in the power of the legislature of Florida to have changed the rule on the subject of the test of process; but, having failed to do it, and having adopted the common law of England, the question in issue must be decided by the rules of the common law.
 
 †
 

 But it is insisted that the rules of the common law only attach to suits prosecuted in the ordinary way, and do not apply where the proceedings are commenced by seizing property under a writ of attachment. This is a novel view, for the law of attachment, being in derogation of the common law, courts are not inclined to extend its provisions beyond the requirements of the statute authorizing it. In Florida the service of the writ of attachment binds the property, and retains it in custody of the law, for the benefit of the attaching creditor, if he obtains a judgment and execution, and the property is to be disposed of as in other cases of property levied upon and taken in execution.
 
 ‡
 

 As an execution is required, and the law is silent about the manner of its issue, it follows that it is to be tested and
 
 *244
 
 issued as writs of
 
 fieri facias
 
 are on judgments obtained through the usual methods of the common law.
 

 The judgment of the court below is
 

 Affirmed with costs.
 

 ‡
 

 Bacon’s Abridgment, Title
 
 “Scire Facias.”
 

 *
 

 4 Howard, 58.
 

 ‡
 

 Id. 1823, p. 40.
 

 †
 

 Laws of Florida, 1822 to 1825, p. 136.