Weldon, J.,
delivered the opinion of the court:
The claimant and defendants on the 14th of December, 1881, entered into an agreement, in which claimant undertook, in consideration of the sum of $8,945, to furnish, deliver, and lay complete all the slate required for the main roof and dome of the United States court-house and post-office in the city of Philadelphia, in accordance with' certain drawings, terms of advertisement, and specifications which became a part of said agreement.
*139 The following are such provisions of the contract as become material under the issues of this case:
“ The party of the second part further covenants and agrees to lay said slate at such times and in such quantities as may be required by the party of the first part, the entire work to be completed within eight weeks after the completion of the iron work of the roofs of the said building, it being understood and agreed by and between the parties hereto that if through any fault of the party of the first pare the party of the second part is delayed in tlie execution of the work provided for in this contract and is thereby prevented from completing the same within the time above stated, the party of the second part shall be allowed one additional day to the time above stated for each and every day of such delay as ascertained by the party of the first part. And it is understood and agreed by and between the parties hereto that if the party of the second part shall fail to comply with the terms of this contract which relate to the time within which the said work, or parts thereof, are to be completed, the said party of the second part shall forfeit the sum of twenty five dollars ($25.00) per diem for each and every day thereafter until the completion of the contract by the party of the second part, subject, however, to the discretion of the Secretary of the Treasury, which sum shall be deducted from any money which may be due him; and if that amount be not due, then the party of the second part agrees to pay the same.
“It is further covenanted and agreed by and between the parties hereto that if the said party of the second part shall fail to prosecute the work herein contracted for with such diligence as, in the judgment of the party of the first part, will insure the completion of the said work within the time herein-before provided, or shall fail to comply with any of the terms of this contract, and thereby, in the judgment of the party of the first part, hazard the satisfactory completion of the work, as hereinbefore stipulated, the said party of the first part is authorized and empoicered, after eight days’ due notice thereof in writing, served personally upon or left at the shop, office, or usual place of abode of the said party of the second part, or with his agent, and the said party of the second part having failed to take such action within the said eight days as will, in the judgment of the party of the first part, remedy the default for which said notice was given, to take possession of the said work, in whole or in part, and of whatever machinery, tools, or materials belonging to the said party of the second part and employed thereon, and to complete the said work, and to supply the labor and materials and tools of whatsoever character necessary to be purchased or supplied by reason of the default of the said party of the second part, and the actual costs shall be deducted from any moneys due and owing *140 to the said party of tlie' second part, on account of tliis contract, and if that amount be not due, then the actual cost thereof shall be repaid to the party of the second part on de-rnand.”
The agreement is set forth in finding one. Collateral to said agreement, the plaintiff executed a bond with sureties set forth in finding n, conditioned upon the faithful performance of said agreement, on the part of the plaintiff. On the said 18th of December, 1881, the defendants had subsisting with Dwight & Hoyt a contract for the construction of the roof and dome of said building, in which it was provided, that said roof and dome were to be finished by the 15th day of Jan’y, 1882, and in ease of default the said firm was to pay a penalty of $25 per day for each day’s delay, which contract was known to plaintiff at the time he executed the contract set forth in finding one.
The firm of Dwight & Hoyt did not finish the roof and dome by the 15th of January, 1882, nor for a long time thereafter. The claimant by the 31st of December, 1882, completed the slating on the roof, amounting to 174 squares. This work was accepted and estimated to be worth $30 per square, and approved vouchers were made out in the sum of $5,200. From said amount 10 per cent was deducted, amounting to the sum of $522, which was retained by the defendants. Other work was estimated at $440, of which sum $396 were paid, deducting from said amount 10 per cent., under the terms of said contract.
On the 6th day of October, 1883, the acting supervisor of the Treasury Department notified the claimant that the slating of the dome had been let to other parties, at the cost of $1,649, in excess of what he was to receive, and for the difference he and his bondsmen would be held responsible. Up to that time no work had been done on the dome by the plaintiff and none was done afterward.
To the August term of the District Court of the United States for the eastern district of Pennsylvania a suit in debt was brought against said claimant, on the bond set forth in finding one. He was sued alone on said bond. The declaration in said cause alleged a breach of the covenants of said agreement, as a forfeiture of said bond. To the declaration the claimant pleaded, three pleas non est factum, payment *141 with leave, and set-off. In the trial of the cause the court instructed the jury to find for the defendant, and in pursuance of that instruction the jury found the issues for the defendant. The court held, that inasmuch as it did not appear from the evidence that a notice iu writing had been served on the claimant, according to the requirement of the contract, of the intention on the part of the G-overmnent to discharge the defendant as set forth in Exhibit B, no recovery could be had on said bond, and upon that state of facts instructed the jury as aforesaid. Upon said contract, the claimant files liis petition, alleging distinct failures, and liabilities, upon the part of and against the Government.
He seeks to recover the 10 per cent, deducted from his estimates upon the roof of said building, profits upon the unexe-cuted portion of the work, damages for delay iu not furnishing the dome in time, taking off and putting on slate, slate left on his hands as worthless, in consequence of the orders of the superintendent, and enhanced cost of labor and material because of the unlawful requirements of -the officers of the defendants.
In and by Exhibit B, the officer of the defendants sought to exercise the pow'er given to him under that clause of the agreement, which provides in substance, that upon the failure of the claimant to proceed in the prosecution of the work, to the satisfaction of the Supervising Architect of the Treasury Department, he may upon notice take jiossession of the work, and complete the same at the cost of the claimant. The legal effect of that provision is to give the officer of the United States the right to forfeit the contract, and to discharge the claimant from further performance.
The power of forfeiture must be construed strictly, and if any antecedent duty is omitted, the exercise of the power becomes unlawful, as against the rights of the other party. In the litigation in the eastern district of Pennsylvania the court took that view of the law, and directed a verdict for the defendant. It did not appear in that case, nor does it ax>pear in this case, that a notice had been served on the claimant of the intended purpose of the Government to exercise the power of forfeiture contained in the agreement. The agreement having provided a specific mode in which the contract was to be annulled, that mode must be strictly pursued *142 in order to charge the claimant with the consequence of delinquency. In our opinion, the court in the litigation on the bond charged the jury correctly, and the issue was properly found for the defendant.
It is insisted that the case having been decided for the defendant the question whether the claimant performed his contract is res judicata, and that nothing is left to the determination of this court but the assessment of damages. We do not take that view of the legal effect of the judgment of the district court of Pennsylvania. (Hughes v. United States, 4 Wall., 237; Packet Co. v. Sickles, 5 Wall., 592.) If that judgment is to be enforced literally, it might involve serious trouble to the claimant, he having appeared and defended, under pleas which might exhaust his legal remedy against the defendants, on the contract litigated in this proceeding. The findings show that the cause in the District Court was not tried on its substantial merits, but upon the question whether a notice had been given in pursuance to the requirements of the contract. The giving of that notice was necessary to the exercise of the right of forfeiture upon the part of the Government, and the suit in the District Court of Pennsylvania was predicated upon the attempted forfeiture of the defendants.
The facts found show that for the work performed on the roof of the building, 10 per cent, of the value has been retained by the defendants, and that the profits which would have been made by the claimant on the work of the dome would have been $285. The sum retained and the profits amount to an aggregate of $851. At the time of the service of the notice of the 6th of October, 1883, the dome was not in a condition as to its construction to permit the claimant to go forward with the roofing, Dwight & Hoyt having up to that time failed to fully complete their agreement with the United States. The requests of the claimant upon the questions of damages, because of slate rejected, damages for delay in not receiving the work in time, taking off slate, and enhanced cost of material because of the unauthorized requirements of the officers in charge are disallowed. The findings reduce the basis of the petitioner’s right to the unpaid percentage on the value of the work performed and the claim for profits on the work not performed. A judgment will be entered in favor of claimants for the sum of ($851) eight hundred and fifty-one dollars.