## ISELIN et al. v. LA COSTE.
### No. 10803.

Circuit Court of Appeals, Fifth Circuit.
Jan. 12, 1944.
Rehearing Denied Feb. 7, 1944.

L. Bryan Dabney, of Vicksburg, Miss., for appellants.

J. D. Thames and William F. Laughlin, both of Vicksburg, Miss., for appellee.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This suit was brought by appellants to secure a judicial declaration that they were the fee-simple owners with right of possession of a tract of land in Warren County, Mississippi. The court below sustained a motion to dismiss the suit on the ground that the petition failed to state a claim upon which relief could be granted, and from that judgment this appeal was brought.

Appellants' claim of title, as set forth in the petition, derived from their purchase of certain lands in Louisiana bordering upon the Mississippi River. It was alleged that the tract of land in controversy, except for accretions thereto, originally formed a part of the tracts in Louisiana purchased by appellants; and that, during the period from 1829 to 1882, these lands first became submerged by the flow of the river and then reappeared as an island in Warren County, Mississippi.

The center line of the main channel of the Mississippi River forms the boundary between Louisiana and Mississippi at the point where the land in controversy lies.[1] Under the Mississippi law, a riparian proprietor on the Missis-

---

[1] State of Louisiana v. State of Mississippi, 202 U.S. 1, 26 S.Ct. 408, 50 L.Ed. 913.

sippi River owns to the thread of the stream.[2] Changes in the physical aspects of riparian lands are common, and have resulted in much litigation in which certain legal principles have become firmly established:

■ Where the main channel of a stream forms the boundary between states, and gradual changes wrought by natural causes occur in the physical topography of the banks or islands and in the channel of the stream, the main channel of the stream, in whatever changed location it may be, continues to be the boundary; but where an avulsion occurs by reason of a freshet or flood, and the course of the stream suddenly is changed, the boundary remains at the center of the old channel of the deserted river bed.[3]

■ Applying these legal principles to the facts well pleaded in the petition, it clearly appears that no claim was stated upon which relief could be granted. The land in controversy, though originally a part of Louisiana, now lies in Warren County, Mississippi. The movement of the land was not caused by a sudden change in the course of the Mississippi River, but was gradually and imperceptibly accomplished over a period of half a century by natural causes inherent in the normal flow of the river. Irrespective of to whom the land in controversy once belonged, it has now become the property of the riparian proprietor of the Mississippi shore adjacent to the island.

■ It further appears from the exhibits to the petition that the lands purchased by the appellants were described in the deed to them as follows: "Fractional sections 17, 19, 20, 21, 22, and 23, in Township 14 North, Range 14 East, together with all accretions thereto belonging and improvements thereon and situated in Madison Parish, Louisiana, known as the 'Woodyard' of 'Sargent's Point' plantation." This identical property was conveyed by these appellants to a third party for a fully paid cash consideration prior to the institution of this action. The deed

to appellants was executed in 1926, at which time, under the allegations of the petition, the land in controversy was in Warren County, Mississippi. It thus appears that these appellants never acquired any interest in the land to which they now seek confirmation of title, and, if they did, they disposed of their interest prior to the institution of this action.

The judgment appealed from is affirmed.

---

[2] Hardin v. Jordan, 140 U.S. 371, 11 S.Ct. 838, 35 L.Ed. 428; Morgan v. Reading, 3 Smedes & M., Miss., 366; The Steamboat Magnolia v. Marshall, 39 Miss. 109.

[3] Mayor, Aldermen and Inhabitants of New Orleans v. United States, 10 Pet. 662, 9 L.Ed. 573; Banks v. Ogden, 2 Wall. 57, 17 L.Ed. 818; City of St. Louis v. Rutz, 138 U.S. 226, 11 S.Ct. 337, 34 L.Ed. 941; State of Nebraska v. State of Iowa, 143 U.S. 359, 12 S.Ct. 396, 36 L.Ed. 186; Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570.