**WOFFORD v. PRUDENTIAL INS. CO. OF AMERICA.**

Civil Action No. 642.

District Court, W. D. South Carolina, Greenville Division.

May 11, 1946.

Wyche, Burgess & Wofford, of Greenville, S. C., for plaintiff.

Haynsworth & Haynsworth and Marion Brawley, Jr., all of Greenville, S. C., for defendant.

WYCHE, District Judge.

The plaintiff, John W. Wofford, a citizen of Kansas, has brought an action in this court against The Prudential Insurance Company of America, a citizen of New Jersey, to recover the sum of Three Thousand, Ninety Seven and 50/100 ($3,097.50) Dollars, upon two life insurance policies with disability benefits.

The defendant has, by special appearance, moved, (1) to dismiss the complaint for lack of proper venue and upon the ground that "this Court is without jurisdiction of the subject matter of this action"; and, (2) to quash the service of process herein for insufficiency of service.

Section 826, Code of Laws of South Carolina 1942, provides: "An action against a corporation created by or under the laws of any other State, government, or country made [may] be brought in the circuit court: (1) By any resident of this State, for any cause of action. (2) By a plaintiff not a resident of this State, when the cause of action shall have arisen, or the subject of the action shall be situated, within this State."

The defendant contends, under this state statute, that this court does not have jurisdiction of the subject matter of the action because the defendant is not incorporated under the laws of this State, the plaintiff is not a resident of this State, the action did not arise in this State, and the subject matter of the action is not situated within this State. This contention cannot be sustained because the jurisdiction of the federal courts is not controlled by state law. Davis v. Ensign-Bickford Co., 8 Cir., 139 F.2d 624, 626. The term "subject matter" necessary to confer jurisdiction in the federal courts, means that a case or controversy, within the meaning of Article 3 of the Constitution of the United States, is present. Article 3, Section 2 of the Constitution, U.S.C.A. Const. Art. 3, § 2, provides, among other things, that "The judicial Power shall extend * * * to Controversies * * * between Citizens of different States, * * * *." The jurisdiction of federal courts, their power to adjudicate is a grant of authority to them by Congress under the Constitution, and Congress by Section 41(1), Title 28 U.S.C.A., has conferred upon district courts original jurisdiction of all suits of a civil nature at common law, or in equity, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000.00, and is between citizens of different states. If there is a civil suit between citizens of different states, and the amount in controversy exceeds $3,000, exclusive of interest and costs, federal jurisdiction over the subject matter is present. Murphree v. Mississippi Pub. Corporation, 5 Cir., 149 F.2d 138, 139; Iselin v. La Coste, 5 Cir., 147 F. 2d 791, 795; Acadian Production Corp. v. Land, 5 Cir., 136 F.2d 1, 2; Graver Tank & Mfg. Corp. v. New England T. Co., 1 Cir., 125 F.2d 71, 73; Woods Bros. Const. Co. v. Yankton County, S. D., 8 Cir., 54 F. 2d 304, 306, 81 A.L.R. 300.

We have here a civil suit between citizens of different states, the amount in controversy is sufficient, a legal right is asserted by the plaintiff and denied by the defendant; it is a case or controversy within the meaning of Article 3, Section 2 of the Constitution of the United States, and within the provisions of Section 41(1), Title 28 U.S.C.A. It follows, therefore, that the jurisdiction of this court, and its power to adjudicate the controversy between the parties to this action are clearly established.

The defendant next contends that there is a lack of proper venue and insufficiency of service of process upon the defendant, and relies upon Section 51, Judicial Code, 28 U.S.C.A. § 112, to sustain this contention. This Section provides: " * * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; * * * *."

In conformity with Section 7964, Code of Laws of South Carolina 1942,[1] the defendant, prior to the commencement of this action, qualified to do business in South Carolina, and appointed, in writing, the insurance commissioner of South Carolina and his successors in office, to be its true and lawful attorney upon whom all legal process in any action or proceeding against it shall be served; and in such writing agreed that any lawful process against it, which is served upon such attorney, shall be of the same legal force and validity as if served upon the company. Service of the summons and complaint in this action was duly made upon the insurance commissioner of South Carolina, in accordance with the requirements of the foregoing state statute.

Jurisdiction in this action is founded upon diversity of citizenship; the suit was not brought in the district of the residence of either the plaintiff or the defendant. The question presented, therefore, is whether or not the defendant, by the appointment of an agent upon whom legal process in any action or proceeding against it shall be served, has waived its right to be sued in the residence of the plaintiff or the defendant, in accordance with the provisions of Section 51, Judicial Code, 28 U.S.C.A. § 112. This question has been completely answered by the Supreme Court in the case of Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 154, 84 L.Ed. 167, 128 A.L.R. 1437, in which it was held that the appointment by a foreign corporation, in compliance with a state statute, of an agent upon whom process may be served within the state, amounted to a waiver of the federal venue statute, Section 51, Judicial Code, 28 U.S. C.A. § 112, and to a consent by the foreign corporation to be sued in a federal court within the state. This conclusion was based upon the following reasoning: "The jurisdiction of the federal courts—their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a law suit—the place where judicial authority may be exercised—though defined by legislation relates to the convenience of litigants and as such is subject to their disposition. * * * All the parties may be non-residents of the district where suit is brought. * * * Section 51 'merely accords to the defendant a personal privilege respecting the venue, or place of suit, which he may assert, or may waive, at his election.' * * * Being a privilege, it may be lost. It may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct. * * * Men's minds had become habituated to corporate activities which crossed state lines. The fact that corporations did do business outside their originating bounds made intolerable their immunity from suit in the states of their activities. And so they were required by legislatures to designate agents for service of process in return for the privilege of doing local business. That service upon such an agent, in conformity with a valid state statute, constituted consent to be sued in the federal court and thereby supplanted the immunity as to venue, was the rationale of Schollenberger's case [Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853]. * * * 'The stipulation is therefore a true contract. The person designated is a

---

[1] "Every foreign insurance company shall, before being licensed, appoint in writing the insurance commissioner and his successors in office to be its true and lawful attorney upon whom all legal process in any action or proceeding against it shall be served, and in such writing shall agree that any lawful process against it which is served upon such attorney shall be of the same legal force and validity as if served upon the company, and that the authority shall continue in force so long as any liability remains outstanding in the State. Copies of such appointment, certified by the insurance commissioner, shall be deemed sufficient evidence thereof, and shall be admitted in evidence with the same force and effect as the original thereof might be admitted. Service shall only be made upon such attorney, must be in duplicate, and shall be deemed sufficient service upon such company. When legal process against such company is served upon said insurance commissioner, he shall forthwith forward by registered mail one of the duplicate copies prepaid directed to the company at its home office."

640

true agent. The consent that he shall represent the corporation is a real consent. He is made the person "upon whom process against the corporation may be served." * * * The contract deals with jurisdiction of the person. It does not enlarge or diminish jurisdiction of the subject-matter. It means that, whenever jurisdiction of the subject-matter is present, service on the agent shall give jurisdiction of the person.' * * * A statute calling for such a designation is constitutional, and the designation of the agent 'a voluntary act.' "

In the case of Carbide & Carbon C. Corp. v. United States I. Chemicals, 140 F.2d 47, 50, where a foreign corporation had qualified to do business in the State of Maryland, and had appointed an agent upon whom process might be served in that State, in compliance with the state statute, the Circuit Court of Appeals of the Fourth Circuit said: "Under the decision in the Neirbo case, this made it suable in that state in a case where jurisdiction rested on diversity of citizenship, on the theory that the designation of an agent for the service of process in Maryland was a waiver of the privilege to be sued in the District of residence as required by Judicial Code, Sec. 51, 28 U.S.C.A. § 112, and amounted to a consent to be sued in the state where the agent had been appointed."

■ The result of the opinion in the Neirbo case is that when a foreign corporation qualifies to do business in a state by the appointment of an agent upon whom process may be served in actions against it in compliance with the laws of the state in which it is doing business, it waives the provisions of the venue statute which otherwise it would be entitled to assert; by such act it affirmatively consents to be sued in the courts in that state, state and federal. Murphree v. Mississippi Pub. Corporation, supra. Also, Robinson v. Coos Bay Pulp Corporation, 3 Cir., 147 F.2d 512, 513; Iselin v. La Coste, 5 Cir., 147 F.2d 791, 795; Blaw-Knox Co. v. Lederle, 6 Cir., 151 F.2d 973, 974.

■ Having qualified to do business in the State of South Carolina by the appointment of an agent upon whom process may be served in actions against it in compliance with the laws of this state, the defendant has waived the provisions of the venue statute, and by such act has consented to be sued in this court.

For the foregoing reasons, I must conclude that the service of process upon the defendant in this case is sufficient, and that this court has jurisdiction of the subject matter, as well as jurisdiction of the person of the defendant. The motion will, therefore, be denied.

Order accordingly may be submitted, giving the defendant ten days from the date of this Opinion within which to answer.