## ISELIN et al. v. C. W. HUNTER CO.
### Civ. No. 1939.

District Court, W. D. Louisiana,
Monroe Division.

Dec. 30, 1947.

Wils Davis, of Memphis, Tenn., and M. C. Redmond, of Monroe, La., for plaintiff.

Alwine L. Mulhearn, of Tallulah La., and Clarence Clifton, of Memphis, Tenn., for defendant.

DAWKINS, District Judge.

The only point upon which plaintiffs rely, other than has admittedly been urged in other suits, is that the description in the deed to Mengel Company is controlled by the map attached to the deed to that company, and to the bill of complaint here outlining the lands therein conveyed. Defendant points out that this same contention was made in the other suits and overruled by the Mississippi courts, and that the matter is now res judicata because the parties and the lands claimed in those instances were the same as in this case. Attached to the motion for summary judgment is copy of the deed by plaintiffs to the Mengel Company. Certain other deeds and exhibits were offered in evidence by the attorneys for defendant, plaintiff in motion, and certain testimony and exhibits by counsel for plaintiffs, who asked to amend the original bill of complaint. The amendment will be allowed, but being of the view that the case turns upon the plea of res judicata, insofar as the evidence offered goes beyond the showing that the same persons and issues were or were not involved in the Mississippi litigation, objection of counsel for defendant will be sustained.

It appears that the property now claimed and the claimants are identical with those in the Mississippi litigation, which went to finality in both the District Court and the Court of Appeals of this circuit, and in which the issues were decided adversely to these claimants.

There were no exceptions or reservations by plaintiffs in the deed of lands to the Mengel Company, but the language of the latter deed was identical with that by which they purchased, including not only the sections of land by governmental description, but "with the accretions thereunto belonging."

In their brief furnished to both the District Court and the Court of Appeals (Iselin v. La Caste, 5 Cir., 139 Fed.2d 887) counsel for the plaintiffs, who occupied the same position in those cases, made the following statement:

"The plaintiffs purchased in 1926 Fractional Sections 17, 19, 20, 21, 22 and 23, etc., together with all accretions thereto. They later sold a part, principally accretions thereto to The Mengel Company, by a mete and bound description.

"We here make the observation that suppose the plaintiffs on a trial on the merits make claim to the lands in dispute by several or more grounds of ownership, viz., Adverse possession, accretion, avulsion, submergence and reappearance, or formation of an island, how could a legal ruling be made, unless the Court took, and heard proof on each ground or claim of ownership, on a trial on its merits; or how could such an issue be determined on the pleadings solely.

"The lands sold by plaintiffs to the Mengel Company, were described by a mete and bound description, and this description purposely excludes the lands which are the subject matter of this cause; and as to the legal authority for this contention, the

legal authorities are overwhelming. (Cases cited)."

In disposing of this contention Judge Mize of the District Court said: "Also, I am of the opinion that by his (Iselin) deed of conveyance in the Mengel deed he parted with whatever title he had and his reservation to accretions was not sufficient to entitle him to recover."

In the brief filed with the Court of Appeals counsel for the Iselins said:

"The second ground on which the Appellee prayed for a dismissal of the Petition for Declaratory Relief was that the Appellants herein had, prior to the institution of this suit, sold the land involved to the Mengel Company, the deed to which has been filed as Exhibit to the Petition for Declaratory Relief, (R. p. 75 et seq.) and incorporated in the abstract deraignment of title. With the copy of the deed the Appellants filed a Government Contour Map and from this Map this Honorable Court will see that the boundary of the tract sold to the Mengel Company was designated by a red line which was all inclusive and was drawn around the properties conveyed by the Appellants to the Mengel Company and the Court will further see from a perusal of this Map that there was specifically excluded therefrom all of the property on which this suit is predicated.

"As to the second proposition involved, the deed from the Appellants to the Mengel Company conveyed all of fractional Sections 17, 19, 20, 21, 22 and 23, T, 14 N.R. 14 E. in Madison Parish, Louisiana, together with all accretion land thereto belonging (in La.) and all within the lines drawn on a U. S. Government Contour Map showing the boundary lines of the property conveyed to Mengel Company, and Appellants did not convey any property in Mississippi or Louisiana outside the red lines shown on said map."

\*   \*   \*   \*   \*   \*

"If this Honorable Court will take this description and check it with the U. S. Government Contour Map it will have not the least difficulty in ascertaining the boundaries of the lands conveyed by Appellants to the Mengel Company and it will be seen that no attempt was made in this deed to convey any land to which the Appellants lay claim in this Petition for Declaratory Relief.

"The Mengel Company knew at the time they purchased this land from Appellants that it comprised what was wholly accretions to the original fractional sections and that it contained no part or parcel of the original fractional sections; that the original fractional sections at the time of the sale to the Mengel Company and at present are to the northeast of the old bed of the Mississippi River, prior to the Diamond Point cut-off; and besides, the deed to Mengel specifically sets forth the lands conveyed as being wholly within the boundaries of Madison Parish, Louisiana.

"The lands sold by Appellants to the Mengel Company, were described by a mete and bound description, and this description purposely excludes the lands which are the subject-matter of this cause; and as to the legal authority for this contention, we cite: (cases cited)".

In deciding the case the Court of Appeals, 5 Cir., 139 F.2d 887, 888, said:

"It further appears from the exhibits to the petition that the lands purchased by the appellants were described in the deed to them as follows: 'Fractional Sections 17, 19, 20, 21, 22 and 23, in Township 14 North, Range 14 East, together with all accretions thereto belonging and improvements thereon and situated in Madison Parish, Louisiana, known as the "Woodyard" of "Sargent's Point" Plantation.' *This identical property was conveyed by these appellants to a third party for a fully paid cash consideration prior to the institution of this action.* The deed to appellants was executed in 1926, at which time, under the allegations of the petition, the land in controversy was in Warren County, Mississippi. It thus appears that these appellants never acquired any interest in the land to which they now seek confirmation of title, *and, if they did, they disposed of their interest prior to the institution of this action."* (Emphasis supplied.)

I therefore am of the view that the motion for summary judgment, based upon the proposition that the decisions in the Mississippi case were final and binding upon the

present plaintiffs, insofar as their present claims are concerned, should be sustained and the suit dismissed at plaintiffs' cost.

Proper decree should be presented.