**ISELIN et al. v. C. W. HUNTER CO.**

No. 12400.

United States Court of Appeals
Fifth Circuit.

March 19, 1949.

Rehearing Denied April 20, 1949.

Wils Davis and L. E. Gwinn, both of Memphis, Tenn., and M. C. Redmond, of Monroe, La., for appellants.

Armistead F. Clay and Clarence Clifton, both of Memphis, Tenn., and Thompson, Thompson & Sparks, of Monroe, La., for appellee.

Before HUTCHESON, HOLMES and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This action was brought by the appellants in a state court of Louisiana, and was removed to the federal court by the appellee, a nonresident corporation, on the ground of diversity of citizenship. The appellants are seeking to establish their title to a tract of land, which they allege is in their possession and claimed by the appellee. All parties claim under a common source of title; in fact, the appellee claims under a deed to it by appellants; and the ultimate issue in the case depends upon the construction of that deed in the light of the relevant facts.

On November 30, 1942, by said deed, appellants conveyed to appellee all of fractional sections 17, 19, 20, 21, 22, and 23, Township 14 North, Range 14 East, together with all accretions thereto, situated in Madison Parish, Louisiana. Then followed by metes and bounds a more particular description, which appellants claim referred to a map that is restrictive of all preceding descriptions. The reference to said map is as follows: " * * * said property being identified herewith by a United States Government Contour Map, on which has been marked by red crayon lines the boundaries of the property intended to be conveyed hereby, which said map has been signed by all the parties hereto and has been paraphed by me; Notary, 'Ne Varietur' for identification herewith." ·

The appellants claim that the land identified by the map was smaller in area than that indicated by the preceding descriptions,

and that thereby, under local law, the property actually conveyed was restricted to the area within the boundaries shown by the red lines on the map. Thus, as stated in the brief of appellee, with which statement we agree, there was presented for the trial court's determination the issue as to whether the deed to appellee divested the appellants of all their interest in the land described in the complaint or of only the restricted area indicated by the map: but we are unable to agree with the further statement in the appellee's brief that, in sustaining the motion for summary judgment, the trial court was of opinion that said deed had the effect of divesting the appellants of their title to the full acreage embraced in all three descriptions. We say this because the court below, being of the opinion that the case turned upon the plea of res judicata, excluded all evidence relevant to every other issue.

 We think the court below erred in upholding the plea of res judicata, and granting summary judgment on that ground; the parties are different in this case; the appellee was neither a party nor in privity with a party to the two prior suits. The application of the doctrine of res judicata is controlled by statute in Louisiana, which provides that the authority of the thing adjudged takes place only with respect to what was the object of the judgment; that the thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality. Revised Civil Code of Louisiana, Article 2286. This rule is stricti juris, and any doubt as to the identity of the two claims must be resolved in favor of the plaintiffs. State v. American Sugar Refining Co., 108 La. 603, 32 So. 965; Harnischfeger Sales Corp. v. Sternberg Co., Inc., 180 La. 1059, 158 So. 556; Adkins v. Cason, La.App., 170 So. 366; Hope v. Madison, 194 La. 337, 193 So. 666, 668; Lloveras v. Reichert, 197 La. 49, 200 So. 817; Bullis v. Town of Jackson, 14 So. (2) 1, 203 La. 289.

 The appellee was not a party to the Mississippi case of Iselin v. La Coste,

affirmed by this court in 139 F.2d 887, nor was it a party to the later suit from Louisiana, affirmed by this court in 147 F.2d 791. Those decisions are not res judicata of the present suit; nor is the judgment of the United States District Court for the Western Division of the Southern District of Mississippi, rendered in that certain cause styled "The United States of America, Petitioner, vs. A Tract of Land Containing 2000 acres More or Less, in Warren County, State of Mississippi, and C. W. Hunter Company and divers other persons, Respondents," res judicata of any issue involved in this case, because the parties are different and the issues are not identical. The latter was a condemnation proceeding brought by the United States, and all persons having or claiming an interest in the land sought to be condemned were made parties thereto by publication; but the Government took only an easement in the land, and the judgment did not otherwise affect the fee-simple title of the true owners. Condemnation affects rights of parties, having interests in respect to land taken, only so far as necessary to assure the sovereign's title. U.S. v. Certain Lands, 2 Cir., 129 F.2d 918, 919; 50 C.J.S., Judgments, §§ 719, 762, 763, 764, and 765. Neither are appellants estopped from maintaining this suit by any allegation in their petition for relief filed in the Mississippi case.

 It is argued that a judgment should not be reversed merely because the court gave a wrong reason for its decision. This is true if there are other grounds to support the judgment, but here the trial court not only made no other findings of fact, but sustained appellee's objection to all the evidence on behalf of appellants not relevant to the issue of res judicata, and for that reason excluded all evidence relevant to every other issue. The appellants are not estopped in this case by their prior litigation with La Coste in the federal courts of this Circuit, or by the condemnation case, because, among other reasons, the appellee has not been prejudiced by those decisions or misled by anything said or done by appellants in those cases. So far as appears, the appellants were the only parties that lost anything by those proceed-

ings. They lost the land that they were claiming against La Coste, and they received no money out of the Government's condemnation suits. La Coste and appellee were the respective beneficiaries therein, and nothing that was done as a result of those decisions is sought to be upset here. Neither La Coste nor the United States is interested in the present suit, and the appellee does not claim through either of said successful litigants. 50 C.J.S., Judgments, § 763.

 Neither the doctrine of res judicata, estoppel, nor stare decisis, precludes a fair hearing upon the merits of the issues presented by the amended complaint as to the scope and effect of the Mengel deed. The appellants are now here with a new issue and a new adversary, and are entitled to their day in court. Not having been a party to the Iselins' prior actions in the federal court against La Coste, the appellee is not bound by what was adjudicated in those two cases, because identity of parties, of subject matter, and of issues, are essential elements of the doctrine of res judicata, the absence of any one of which is fatal to a plea under it. Since the appellee is not concluded by the former judgments, the Iselins are not, because the rule is that estoppels must be mutual and that a party will not be concluded, against his contention, by a former judgment unless he could have used it as a protection if the judgment had been in his favor. It is not only necessary that there be identity of parties, but, as we have seen under the Louisiana statute and decisions, supra, there must be identity of the thing demanded; and no part of the land adjudged to La Coste is sought to be recovered in this case. Even though the appellee may have been collaterally interested in the La Coste decisions, since it was not a party, it was not bound by them, and there is no mutuality of estoppel to plead against appellants. 50 C.J.S., Judgments, § 598, note 45, p. 19, note 52, p. 20.

 La Coste was the owner of land on the Mississippi side of the river. The real controversy between appellants and La Coste was whether a certain island was in Louisiana or Mississippi; and, if in Louisiana, whether the accretions were to the island or to the Mississippi mainland.[1] Appellants lost the first case on their own pleadings,[2] the district court expressly holding that land could not be acquired in Mississippi by accretions to an island on the Louisiana side of the Mississippi River. Likewise, the holding implied, La Coste could not extend his land in Mississippi by accretions into Louisiana, nor was he claiming to have done so. This court held, upon the facts as alleged, that the land in controversy had by accretion become the property of the riparian owner of the Mississippi mainland. Whether the island was in Louisiana or Mississippi was not decided. The second La Coste suit was by the same parties; it was against the same party; and it was upon the same claim: at least, that is what the court held; and the suit was dismissed by summary judgment under the doctrine of res judicata; but the judgment in the second suit did not enlarge the scope of what was adjudicated in the first case.

 Both under the general rule and the Louisiana statute, identity of the thing sued for, identity of issues, identity of persons and parties to the action, and identity of quality in the persons for or against whom the claim is made, must concur in order for a plea of res judicata to prevail as a bar to a subsequent action. Moreover, if the prior action has been decided adversely to the party seeking to

---

[1] It is well settled that where the accretions are entirely to an island, the land so formed belongs to the owner of the island. Bellefontaine Improvement Company et al. v. Niedringhaus, 181 Ill. 426, 55 N.E. 184, 77 Am.St.Rep. 269. Cf. City of St. Louis v. Rutz, 138 U.S. 226, at page 250, 11 S.Ct. 337, 346, 34 L.Ed. 941, wherein the court said: "We must not be understood as implying that if an island in the Mississippi river remains stable in position, while the main channel of the river changes from one side of the island to the other, the title to the island would change because it might be at one time on one side and at another time on the other side of the boundary between two States."

[2] They plead evidence in detail instead of pleading ultimate facts.

relitigate the matter, the judgment therein must be so in point as to control the issue in the pending case. The force of the defense of res judicata resides in the judgment itself, not in the opinion of the court, or the findings of the court or jury. 50 C.J.S., Judgments, § 598, citing Louisiana decisions; also 50 C.J.S., Judgments, § 686, pp. 142, 143. The dismissal of a suit on technical grounds is no bar to a subsequent action on the merits.

■■■ Let us examine further the two La Coste cases, bearing in mind that a judicial decision, to operate as a bar, must be in the nature of a judgment and contain all the elements of a valid and subsisting judgment. The first of the La Coste cases, 139 F.2d 887, was an action to secure a judicial declaration that the plaintiffs were the owners of a tract of land in Warren County, Mississippi. Accepting the facts as narrated in detail by the pleader, and interpreting them as best it could, this court concluded that the particular land in controversy was formed imperceptibly by the normal flow of the river over a period of half a century, and had become the property of the riparian proprietor of the Mississippi shore. Accordingly, the dismissal of the suit by the court below was affirmed because the appellants, in their complaint, had failed to state a claim upon which relief could be granted. The gist of the decision was that the land in controversy, which was claimed by La Coste, was the result of accretions and not of an avulsion. What constitutes an avulsion is a question of law; that whether an avulsion occurred at a certain time and place is a question of fact, as to which the appellants are not concluded in the instant case.

In the second of the La Coste cases, 147 F.2d 791, the court held that the suit was barred, so far as La Coste was concerned, under the doctrine of res judicata, and that this was true whether the land, which had been awarded to La Coste, was in Louisiana or Mississippi. It is apparent that there was no trial on the merits in that case, except on the merits of the plea of res judicata, and that the two judgments do not bar appellants except as to actions for the same land against La Coste and parties in privity with him. With stronger reason, the same is true as to anything said in the opinions of the court in those two cases.

The issues in the instant case were well tendered by an amendment to the complaint. This amendment set out the description in the deed under consideration; and, as Exhibit A, attached an authenticated copy of the map above mentioned. The amendment alleged that the land within the boundaries on this map did not include several hundred acres of land embraced within the area described in the deed by metes and bounds. The appellants are now claiming land that, they allege, was excluded by the map from the operation of the deed, and that was not awarded to La Coste in the prior actions. The amendment further alleged that the appellee had never made any claim to the land not within the area delineated by the red crayon lines on the map, and that appellants have openly and notoriously, since they acquired it, claimed the land outside the boundaries shown on said map, possessing and exercising dominion over a large portion thereof. Issue should be joined upon all the disputed allegations of the amended complaint, including the averment that it was not intended by the grantors to convey all the lands included in the general description but only that portion identified by the map.

■■■ Ordinarily, in case of inconsistency or repugnancy, a general description in a deed gives way to a description by metes and bounds, and the latter gives way to a map that is used by reference to identify the land intended to be conveyed. A fortiori, this is true where the map is signed by all the parties, paraphed by the notary, and the deed contains a statement that the map is to identify the property intended to be conveyed. The cardinal rule of construction, however, is to ascertain the intention of the parties from the entire language of the deed, in the light of the circumstances surrounding the parties at the time of its execution, and of the subsequent practical construction thereof by them. All rules of construction are but aids in arriving at the grantors' intention. See Arab Corporation v. Bruce, 5 Cir., 142 F.2d 604, which involved the construction

of a deed to land in Louisiana, citing Louisiana authorities. This case is directly in point, and the following is quoted from 142 F.2d at page 609 thereof: "The jurisprudence of Louisiana in respect of the construction of deeds to ascertain the intent of the grantor, not at large, but as expressed in them, is no different from that obtaining generally elsewhere, 16 .Am.Jur., Secs. 285-6-7-8, cited with approval in Snelling v. Adair, 196 La. 624, 199 So. [782] at page 785. The rule that where there is a specific and a general description and these conflict with, or are repugnant to, each other, the specific will prevail over the general unless the intent of the grantor to the contrary is otherwise manifested in the instrument, is only one of the rules in aid of the main, the primary, purpose of construction to arrive at the intent of the grantor as the deed expresses it."

Appellants are entitled to a plenary trial on the merits of all the controverted issues in this case and, to that end, the judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.